# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barrington Pacific LLC,<br><br>　　　　　　　　　v.<br><br>Daniel Mejia, et al.,<br><br>　　　　　　　　PLAINTIFF(S)<br><br>　　　　　　　　DEFENDANT(S) | CASE NUMBER<br><br>2:24-cv-01013-HDV-JPR<br><br>ORDER ON REQUEST TO PROCEED<br>*IN FORMA PAUPERIS*<br>(NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.　　☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:
　　☒ The District Court lacks ☒ subject matter jurisdiction ☒ removal jurisdiction.
　　☐ The action is frivolous or malicious.
　　☐ The action fails to state a claim upon which relief may be granted.
　　☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☐ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☒ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| March 28, 2024 | *[signature]* |
| Date | United States District Judge |

Plaintiff brought an action for unlawful detainer in the Los Angeles County Superior Court against Defendant Daniel Mejia. (ECF No. 1 at 7.) An unnamed party named Stacy Grey subsequently filed a Notice of Removal to this Court and a request to proceed in forma pauperis. (ECF Nos. 1, 3.)

The removing defendant bears the burden of establishing federal jurisdiction. Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 682 (9th Cir. 2006). Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and … the district court must remand if it lacks jurisdiction." Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citation omitted). A review of the Notice of Removal and the state court Complaint demonstrates the Court lacks jurisdiction over the action for the following reasons.

The removing party, Stacy Grey, is not a named Defendant. (ECF No. 1 at 7.) For that reason alone, remand to the state court is required. See 28 U.S.C. § 1441(a) (removal may be effectuated only by "the defendant or the defendants"); Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsch Bank National Trust Company, 23 F.4th 1167, 1169 (9th Cir. 2022) ("Because an unnamed party removed this case, the district court should have remanded it instead of retaining jurisdiction[.]").

Even if the removing party was a named Defendant, removal still would not be warranted. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (footnotes omitted). Here, diversity jurisdiction is lacking because the amount in controversy does not exceed $25,000. (ECF No. 1 at 7.) Federal-question jurisdiction also is lacking because the Complaint does not state a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Because landlord-tenant disputes are matters of state law, an action for eviction cannot be the basis for federal question jurisdiction." Round Valley Indian Housing Authority v. Hunter, 907 F. Supp. 1343, 1348 (N.D. Cal. 1995) (citing Powers v. United States Postal Service, 671 F.2d 1041, 1045 (7th Cir. 1982) ("Federal common law of landlord and tenant does not exist.")).

Finally, to the extent that there may be defenses based on federal law (ECF No. 1 at 3), "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Env't Remediation, L.L.C. v. Dept. of Health and Env't Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

For these reasons, the request to proceed in forma pauperis is denied, and the action is remanded to the state court.